### CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RY. CO. v. HENRY GAHAN, AN INFANT, BY J. C. LOWER, GUARDIAN.

1. DUTY OF RAILROADS TO PROTECT THE PUBLIC AT ESTABLISHED AND CUSTOMARY CROSSINGS.

A railway company must use ordinary care to protect persons crossing its track upon the public highway or at a place where the public are so accustomed to crossing that the knowledge and consent of the railway company will be implied, but it owes no duty to mere trespassers upon its private right of way except to do what it can to protect such persons after they are seen.

2. MUTUAL NEGLIGENCE—PROXIMATE AND REMOTE CAUSES OF INJURIES.

The rule that in case of injury by negligence, where the parties are mutually in fault, the plaintiff may recover if the negligence of the defendant is the proximate cause of the injury while his own negligence is only the remote cause, consisting of some act or omission not occurring at the time of the injury, does not apply where the negligence of each party was the same in character, time and duration and equally active in causing the injury.

3. CONTRIBUTORY NEGLIGENCE PRECLUDING RECOVERY.

A boy fourteen years of age who has lived near a railway and understands the mode of operation of railway cars and the dangers attending it, who passes through a train of cars standing upon a street crossing, and without looking about him or taking any precautions against possible danger, looks under the train in search of a companion, and in so doing stands so near another track that he is struck by an engine and injured, is guilty of contributory negligence, and cannot recover.

ERROR to the court of common pleas.

John T. Dye and E. A. Foote, for plaintiff in error.

John F. Clark and C. W. Sheldon, for defendant in error.

### CALDWELL, J.

Harry Gahan, in March, 1897, being then nearly fourteen years of age, was injured upon the track of the plaintiff in error near Linndale in this county. In his petition he says that he was endeavoring to cross the railroad upon a highway and that the highway being obstructed by the train standing across it, when he reached the other side of the train, he was injured by a train on another track, striking him while he was upon the highway crossing, and inflicting injuries upon him for which this action is brought.

The defendant (plaintiff in error here) claims, in its answer, that he was not on the highway when he was struck, but was at a considerable distance, some three hundred feet therefrom, on the private right of way of the railroad company.

There is testimony in the case to support the claim of the plaintiff

(the defendant in error here) as to the place where he was injured, and also testimony to support the claim of the defendant as to where he was injured. There is not much, if any, conflict in the evidence that the plaintiff at the time he was injured, was so near to the track upon which the engine, injuring him, was run, that it struck him and caused the injuries complained of. As to what the plaintiff was doing, and where he was at the time he was struck, there is conflict in the evidence. The plaintiff's evidence may be summarized by saying, that when he was struck, he was upon the highway crossing, but was standing in a position near enough to the track, on which the engine was being run, to inflict the injury of which he complains, and that, while thus standing there, he was looking under another train—the train that had been standing across the highway and which was at that time moving forward —to look for the boy that was with him, and was paying no attention to the movement of other trains upon the railroad tracks. The plaintiff's evidence shows that had he looked for the approach of the engine that hit him, he could have seen it in time to have moved from his position of danger.

The defendant's evidence tends to show, as above stated, that he was injured some three hundred feet from the street crossing; that he was not then upon the highway, but had come on to the property of the railroad company *not* from the highway, but from another direction, and that he was injured by jumping out from between two cars where the engineer could not see him, directly in front of the engine, and was instantly struck and the injury was thus received.

There are complaints made in this action, as to the charge of the court. The court was asked to charge, before argument, this request by the plaintiff, which request was given:

"If the plaintiff, Harry Gahan, was guilty of negligence in going upon defendant's tracks and if he was placed in a position of imminent peril, and the employes in charge of said engine could, by the exercise of ordinary care, have discovered the plaintiff and the perilous position in which he was placed, in time enough to have stopped said engine, or slackened the speed of the same sufficiently to have allowed the plaintiff to have escaped in safety, it was its duty to do so, and if the failure of the defendant to use ordinary care to discover the plaintiff in the perilous position in which he was placed, was the proximate cause of the injury, the plaintiff would be entitled to recover, notwithstanding the plaintiff was guilty of negligence in going upon defendant's track and being in that position."

The court, on page **617** of the bill of exceptions, after reciting to the jury the defendant's claim that Harry Gahan came on to the railroad

property from another direction than from the highway, and that he was making no use of the highway crossing at the time of the accident, then said to the jury:

"If you find from the evidence, that the plaintiff came upon defendant's tracks and was struck and injured at a place where there was no public highway, and at a place not commonly used by the traveling public in crossing the tracks, and where the public were not allowed or permitted to be, then and under such circumstances the defendant did not owe to him that degree of care which I have said to you that it owed to persons using the highway crossing. Under such circumstances, the company would owe to the plaintiff the duty to exercise ordinary care for his safety *after* his peril became known to those in charge of the engine, or should, by the exercise of ordinary care, have become known to those in charge of the engine, and if the engineer, after discovering the presence of the plaintiff upon its tracks at such point remote from the highway, made every reasonable effort to stop the engine and prevent the injury, there would be no liability of the defendant in this case; and, if you find from the evidence that the plaintiff climbed upon the standing train and jumped out from between two cars on to the defendant's tracks, whether upon the crossing or not upon the crossing, if he thus jumped in front of defendant's moving engine and so near thereto that the person in charge of the engine had not time, in the exercise of ordinary care, to discover plaintiff's position of danger in time to stop the engine or to prevent the injury, such act of the plaintiff would be contributory negligence on his part proximately contributing to his injury, and, for that reason, he could not recover in this action. But, if the plaintiff so jumped upon the defendant's track in front of the approaching engine and far enough from the engine to enable the person in charge of the engine to stop the same after he saw, or, by the exercise of ordinary care, should have seen the dangerous position of the plaintiff, then if the engineer failed to stop the engine, such failure would be negligence of the defendant, and, if the proximate cause of the injury, would render the defendant liable."

Immediately after the charge quoted above, the court proceeds to say to the jury that if the plaintiff came upon the tracks in some other way than by use of the highway, he would be a trespasser upon the defendant's premises, and would not be entitled to the exercise of such care upon the part of the defendant as he has heretofore told them that the defendant owes to persons using the public highway at the crossing; and then he proceeds:

"But even if the plaintiff was such trespasser, the defendant would not have the right wantonly to run upon him and injure him. In

such case, if the person in charge of the engine discovered the plaintiff's presence upon the track, or, if, by the exercise of ordinary care under the circumstances, he should have discovered his presence upon the track, it would then be his duty to exercise such means as were within his power to avoid injuring the plaintiff, and if he did not exercise such means under such circumstances, to avoid such injury, it would be negligence upon the part of the defendant, for which the defendant would be liable in this action if it was a proximate and sole cause of the injury."

There is more in the charge, pertaining to the points complained of by the plaintiff in error. The first point is, that the charge makes the railroad company owe a duty to a trespasser upon its tracks *before* he is seen, and that duty is to exercise ordinary care for the detection of any one upon the tracks. And the second point is, that although the plaintiff was negligent in being where he was upon the tracks, yet if the engineer could have seen him by the exercise of ordinary care, it was his duty to have saved him, and that if he was injured after being thus seen or after he should have been seen by the engineer, the engineer of the railroad company, under the circumstances of the case as they were to be found by the jury, would be the proximate cause of the injury, and that the plaintiff's negligence would not then be a proximate cause. In other words, if the railroad company had the *least chance* to save the plaintiff from injury and did not avail itself of the chance, then that would be negligence on its behalf, and would be the proximate cause of the injury.

The first question, as to what duty the railroad company owes a trespasser upon its right of way, is discussed in a similar case, although as to a depot building, in Pittsburg, Ft. W. & C. Ry. Co. v. Bingham, 29 Ohio St. 364.

The question is discussed to some extent, in the case of the Cleveland T. & V. Ry. Co. v. Marsh, 63 Ohio St. 236 [58 N. E. Rep. 821].

In Cincinnati, H. & D. Ry. Co. v. Aller, 64 Ohio St. 183 [60 N. E. Rep. 205], there is a discussion of the duty of railroads to persons using their right of way or their property as trespassers or licensees. The question came before the Supreme Court in the case of the Cleveland, A. & C. Ry. Co. v. Workman, 66 Ohio St. 509, 540 [64 N. E. Rep. 582], which case is reported therein :

"An employe of a railroad company, whose duties in the performance of his employment do not require him to be on the main track of the railroad with a three-wheeled handcar called a ' speeder,' but who so goes upon the main track without any invitation or inducement therefor by the company, but with no objection on the part of the company, is at

most a mere licensee, and his use of the track in such manner is subject to all the risks incident to the use of the track by the company, in the same manner it was used at the time the license was granted, and the company does not owe him the duty to especially look out for and protect him, when running its trains, except to use reasonable care to avoid injuring him after discovering him upon the track."

In commenting upon the court's refusal to give the defendant's first request, the court say:

" It was in this view, apparently, that the court refused to give to the jury the defendant's first request to charge, and instructed the jury instead that the defendant 'had a right to run its cars at the time and place of the accident at any speed and in any manner consistent with safety, which was necessary in the conduct of its business in the usual and ordinary manner, taking into consideration, however, all circumstances surrounding the locality, and having a due regard to the safety of persons who might be upon its tracks. It was required to use ordinary care in running its train, having due regard to the rights of others.' Such a conception of the law is opposed to reason because the bare licensee must know that his license is subject to all the risks incident to the use of the track by the company, in the same manner in which it was used at the time the license was granted, and the company assumes no new obligation or duty toward him. Therefore the company owed him no duty of active vigilance to especially look out for and protect him."

And the court adds:

" It may be added here, that the rule is substantially the same as to trespassers or mere licensees, that is, licensees without invitation or inducement. An employe who goes upon the track or elsewhere upon the company's premises not in the line or discharge of his duty, and without any invitation, express or implied, is at most a mere licensee to whom the company owes no duty to keep such place safe."

This line of cases seems to establish the doctrine that a railroad company owes no duty to a trespasser or licensee upon its private right of way except to do what it can to protect such persons from injury after they are seen.

But it is said that this court has made a different holding in the case of the Lake Shore & M. S. Ry. Co. v. Orvis, 4 Circ. Dec. 452 (12 R. 110). The question was not involved in that case, and whatever was laid on that question was outside of the facts. The trespasser in that case, if such he should be called, was seen by no one at the time he was struck by the train except the flagman, and his view of the boy was imperfect, owing to the fact that he could only see him as a train run-

ning at ten or twelve miles an hour between him and the boy would afford him an opportunity to look between the cars to see the boy, and he places the boy only a foot or two off to the west of the west line of the street, and there is no evidence in the case that that was not on the traveled path of footmen crossing over the railroad tracks. The court treated the case as though the boy was upon the street crossing. The evidence placing him off of it, was very unsatisfactory, and even if he were but a foot or two from the ordinary line of travel, there being no visible line to mark the exact site of the highway as it crossed the tracks, the court was justified in treating him as upon the highway when he was injured. The judge, delivering the opinion, was led to make some remarks upon the question of a trespasser upon the railroad right of way, from much that has been said in the argument of the case upon the question and from what he understood to be the question in the case of the Lake Shore & M. S. Ry. Co. v. Canfield, 27 Bull. 311, which had been affirmed by the Supreme Court, and, as he thought at the time, upon the question here under consideration. But an examination of the record in the case discloses that while that question was in the case, it was not the question upon which the Supreme Court was called to pass in its determination of the case. But what was said in the case of the Lake Shore & M. S. Ry. Co. v. Orvis, *supra,* was not warranted by any facts in the case and should not be regarded as having any application to the same.

There are several decisions in the state where the language of the courts might warrant the conclusion that a railroad company is under the duty of watching for trespassers upon its tracks; but the cases above cited, we think, settle and determine the law to be that the railroad company owes to a trespasser no such duty unless it be at some place where the public are so accustomed to crossing that the consent of the railroad will be implied and it has become such a place that it is the duty of the railroad to protect persons crossing over the same.

This part of the charge is error.

The second question involved in this charge is one that has been many times before the Supreme Court of the state, and, to the minds of the majority of the court, has become settled law, and the difficulty is not so much to determine what the law *is* as to determine its *proper application* to the facts of the case. It was first before the court in Kerwhacker v. Railway Co., 3 Ohio St. 172 [62 Am. Dec. 246]. The eighth paragraph of the syllabus is:

"The doctrine that, in case of an injury by negligence, where the parties are mutually in fault, the injured party is not entitled to redress, is subject to the following material qualifications, as appears from a re-

Railway Co. v. Gahan.

view of the decisions, both in England and in this country, on this sub-ject, to-wit:

"*First*—The injured party, although in the fault to some extent, at the time may, notwithstanding this, be entitled to reparation in damages for an injury which he has used ordinary care to avoid.

"*Second*—When the negligence of the defendant, in a suit upon such ground of action, is the *proximate* cause of the injury, but that of the plaintiff only *remote*, consisting of some act or omission not occurring at the time of the injury, the action is maintainable.

"*Third*—Where a party has in his custody or control dangerous instruments or the means of injury, and negligently places or leaves them in a situation unsafe to others, and another person, although at the time even in the commission of a trespass, or otherwise somewhat in the wrong, sustains an injury thereby, he may be entitled to redress.

"*Fourth*—And when the plaintiff in the *ordinary exercise of his own rights*, allows his property to be in an exposed and hazardous position, and it becomes injured by the neglect of ordinary care on the part of the defendant, he is entitled to reparation on the ground that, although in allowing his property to be exposed to danger, he took upon himself the risk of loss or injury by mere accident, he did not thereby discharge the defendant from the duty of observing *ordinary care*, or, in other words, voluntarily incur the risk of injury by the defendant's negligence."

The question was before the Supreme Court again, in Cleveland, C. & C. Ry. Co. v. Elliott, 4 Ohio St. 474. This was also an action to recover damages for the killing of stock trespassing upon the private right of way of the railroad. Judge Thurman, in the opinion (page 476), says:

"The remote negligence of the plaintiff will not prevent his recovering for an injury to his property *immediately* caused by the negligence of the defendant. The negligence of the plaintiff that defeats a recovery must be a *proximate* cause of the injury."

In the case of Railway Co. v. Kassen, 49 Ohio St. 230 [31 N. E. Rep. 282], the first paragraph of the syllabus is:

"It is a well settled rule of the law of negligence that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury of which he complains, if the defendant, after he became aware, or ought to have become aware, of the plaintiff's danger, failed to use ordinary care to avoid injuring him, and he was thereby injured."

And the third paragraph of the syllabus is:

"The rule, that the negligence of the injured party, which proximately contributes to the injury, precludes him from recovering, has no

application where the more proximate cause of the injury is the omission of the other party, after becoming aware of the danger to which the former party is exposed, to use a proper degree of care to avoid injuring him."

This case has undergone, perhaps, as much discussion and contrariety of opinion in the bar of the state as any case that has been pronounced by the Supreme Court in recent years; and it is contended that the *first* part of the syllabus is a direct authority that the railroad company owes the duty to strangers upon its right of way to look out for them and protect them from injury, but we apprehend that the Supreme Court only meant to say that if the railroad company has knowledge, or such facts have come to its knowledge, that it *ought* to know of the plaintiff's presence upon its right of way, then it becomes its duty to protect him.

The question was before the Supreme Court in Schweinfurth **v.** Railway Co., 60 Ohio St. 215, 220, 221, 223 [54 N. E. Rep. 89]. The second paragraph of the syllabus is:

" In an action for negligence, it is not error to refuse an instruction that the defendant cannot be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured contributed directly to, or as a proximate cause of the injury, it does not preclude a recovery."

In considering the charge in the case, Judge Williams quotes extensively from the leading text-writers upon this question as applicable to this proposition as to whether there can be recovery if the plaintiff was "'negligent in any degree, or in any way,' however remotely, to the injury which caused his death, and without regard to the other circumstances of the case." He says:

" The rule is, that a party is only required to use ordinary care, and his failure to do so must, to defeat his recovery, contribute directly, or as a proximate cause to the injury of which he complains."

And he quotes this language from Sherman & Redfield on Negligence, Sec. 99.

"' It is now perfectly well settled that the plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was more immediately caused by defendant's omission, after becoming aware of the plaintiff's danger, to use ordinary care of the purpose of avoiding injury to him.'"

And he also quotes from other text-writers, language to the same purport and with approval, and adds:

"This well settled doctrine as maintained by the foregoing authorities, was followed and applied by this court in the case of Railroad Co. v. Kassen, 49 Ohio St. 230, and had been recognized and approved in several cases before that."

This same doctrine is recognized in the opinion of Judge Spear in Snyder v. Railway Co., 60 Ohio St. 487, 496 [54 N. E. Rep. 475]; and in Railway Co. v. Heiskell, 38 Ohio St. 666, third paragraph of the syllabus.

The last time the Supreme Court's attention was called to this proposition, was in the case of the Cleveland, A. & C. Ry. Co. v. Workman, *supra*, so far as I have observed. In that case, Judge Davis says, p. 543:

"Up to this point, we have endeavored to consider the questions of law which were under review without complicating them with the subject of contributory negligence. It becomes necessary now to look at that phase of the case. The court refused to instruct the jury as requested in the defendant's fourth request. This instruction was sound and ought to have been given. If it were found to be true that the deceased chose to travel with the speeder upon the main track for no reason connected with his employment, other than his convenience; that he rode down the main track with a companion, on the speeder, in violation of the order of his superior, the station agent; that from the station to the south switch light there was a 'passing track' on which he could have placed the speeder and easily and with absolute safety have reached his destination, and that instead of doing so he chose to go down the main track, without keeping any lookout behind him, there can be no doubt he was guilty of negligence which proximately contributed to his injury, unless the defendant could have avoided the injury after discovering the deceased upon the track."

And, after citing authorities that sustain the request as asked of the court, the court adds, p. 544:

"It will be seen from these authorities that the instruction, as requested, states the law more strongly against the company than was necessary. It makes the qualification that 'unless the jury shall further find that the defendant's agents and employes * * * could have avoided said accident after they became aware of the presence of the said Arleigh J. Mead, upon said track.' Strictly speaking, the law would require the defendant, after discovering the deceased to be upon the track, to use reasonable care under the circumstances to avoid the accident, not absolutely to avoid it; but this being an error against the party asking the instruction, it should not have been refused for that reason."

The court not only approves the request with the criticism above, but says the court erred in not giving it. If this proposition of law involved in it—the one we are here considering,—was not the law of the case, then the trial court would be justified in refusing to give it even though the error in it was against the party requesting it. And we understand this case to be an approval of the charge in question in the case before us for consideration.

All the authorities agree that if the engineer of a train sees a trespasser in danger of being hit by his engine, it is his duty to do what he can to save the person from injury, but they do *not* agree as to whether mere negligence on his part will make the company liable; many of them holding that there is no liability unless the negligence is such as to be wanton or intentional. But some of the courts that thus hold, that if the engineer should see the person in danger and should neglect to do what he could to save him, hold that his action would be wanton and intentional; and such courts obliterate the distinction between mere negligence and injury intentional, where the party is seen upon the private right of way. But the real point of difference in the authorities, with which we are concerned here, is as to whether the plaintiff, if he has been guilty of contributory negligence, can recover if his negligence, in any way, contributed to the injury. Admitting that the defendant has been negligent, can the plaintiff recover if he has been negligent, even though his negligence is not remote and prior to that of the defendant? The rule, as established by the courts, and in the cases heretofore referred to, is in cases where the plaintiff has, at some time prior to the negligent act of the defendant, been guilty of negligence, and the rule is on the ground that the two acts of negligence did not co-operate; that the plaintiff's negligence created only a condition or circumstance upon which the defendant's negligence thereafter acted; and where that is true, the defendant's negligence is the proximate cause, or, as expressed by some courts, the "last chance." In citing the foregoing authorities upon this proposition, it has not been the purpose to establish when the rule applies, beyond this fact that it applies only when the plaintiff's negligence is prior to that of the defendant's, and to show that the plaintiff's negligence in this case was not prior to, but co-operated with, that of the defendant.

This rule does not apply where the plaintiff may have been negligent in not looking for danger from an approaching train upon the track, when it would have been possible for him to have stepped from the track, had he thus looked. Nor will it apply where he stands so close to the track without looking for approaching danger, that he is struck by a rapidly moving train. For, in these cases, his negligence, which co-

Railway Co. v. Gahan.

operates at the same time with the defendant's negligence, is his standing on the track without any effort to see approaching danger or without effort to move from his position, which is a continuing negligence, until he is struck. In such cases he cannot complain.

This was the state of facts in the case of Lake Shore & M. S. Ry. Co. v. Ehlert, 63 Ohio St. 320 [58 N. E. Rep. 812]. Although the deceased in that case was negligent in passing the gates that were down at the time he approached the track, yet that negligence was remote, as the negligence that caused his injury was his standing so close to the track that he was struck by the rapidly moving train, and, while standing in that position, not keeping any lookout for a train that would be likely to pass over the track; and he continued in that act of negligence until he was hit, and that negligence co-operated as a proximate cause of the injury with that of the defendant.

In the case of the Cleveland, A. & C. Ry. Co. v. Workman, *supra*, from the facts in the case it would seem that the deceased, Arleigh J. Mead, continued in his act of negligence until the moment of his injury, running the speeder upon the track where he was liable to meet the train, or where he was liable to be run down by the train. And yet the court may have regarded his act of negligence in not going upon the side track, where he would be out of danger of the approaching train, or it may be that he was in such a position at the time that he knew of his danger, that escape was impossible; and there is plenty of authority under either state of facts for holding the company responsible if it did nothing to save him after seeing his position of danger.

In the case under consideration, the facts are such that, if the plaintiff had been an adult person, whether the accident occurred at the street crossing or upon the private right-of-way, he could not recover, for then it would appear that the plaintiff stood in a place of danger on or near the track over which the engine was run that hit him, without looking for its approach and without moving out of danger when he might have done so had he been on the lookout for the engine.

The evidence in the case is, that the boy either jumped from between two cars directly in front of the engine, or that he passed through the train standing over the street crossing, and then took a position so near the next track that an engine passing over that track would hit him, and there he remained without keeping any lookout for danger until he was hit. The engineer, if the injury occurred at the crossing, should have been on the lookout for persons at that place; he had an opportunity to see the boy; if he did not see him, and did not do all that he could to save him, he was negligent, and his negligence continuing until the boy was hit, was the proximate cause. The plaintiff

took a place of danger and stood in it without looking for approaching danger until he was hit. The negligence of each was the same in character, in time, in duration, equally active in causing the injury; they co-operated each as a proximate cause. In such a case, there is no place for the charge complained of here. The proof was such that the proposition of law was entirely foreign to the case, and was prejudicial. The plaintiff's request to charge before argument, and which was given, does not state the law correctly. It charges that, even though the jury may find that the plaintiff was guilty of negligence in going upon the track or being there, still he may recover; and casts upon the defendant the *duty* of looking for the plaintiff upon the track, whether he is at the street crossing or on the private right-of-way. And this charge is wrong in two regards: First, as to requiring the company to exercise diligence in discovering him on the private right-of-way; and, second, in making the defendant's negligence the proximate cause, when the evidence shows that the negligence of plaintiff and defendant co-operated as a proximate cause. And these errors were prejudicial to the plaintiff in error.

The only remaining question for consideration is, whether, under the facts as they appear in the case, the verdict should be regarded as sustained by the evidence. This question is, by a majority of the court, determined for plaintiff in error.

This boy was accustomed to being around the cars, had lived near enough to them so that he knew their mode of operation and was well aware of the dangers attending such operations to persons who should get upon the tracks of the railroad company. The jury, no doubt, believed his story, that he passed through the train of cars that stood upon the crossing after waiting some minutes for the train to move, and, after being on the other side of the train, his position was so near the track that he was liable to be struck by any cars or engine moving upon that track that he did not look for danger, but instead looked under the cars or through them to see what had become of his companion; and, while thus giving his attention to looking for his companion, he received his injury. It appears also that he could have seen along this track from the direction from which the engine approached him, for a considerable distance, and had he looked, he could have seen the engine in ample time to have stepped across the track or away from it entirely out of danger. As I say, if an adult had been injured under like circumstances, he could not recover. This act of negligence continued in the same manner, and under the same circumstances, from the time it commenced until the time of the injury; and, under such state of facts an adult could not recover. And, knowing what this boy did know about

the cars and about their movements on the track, and all the circumstances that surrounded him, his acts were contrary to his knowledge and entirely contrary to the acts of boys of his age, possessing the knowledge and intelligence that he has. And we think that the jury should have found, under the facts of the case, only a few of which are here recited, that he contributed directly to his own injury without excuse, with full knowledge of the dangers to which he was exposed, and with full knowledge of his duty to look for the approaching danger that injured him.

The judgment of the court below is reversed for errors in the charge as hereinbefore found; and also because the verdict is not sustained by the evidence in the case. The case is remanded to the court below for a new trial.

MARVIN, J.: I concur in the judgment of the reversal, but I do not concur in the last grounds stated.

---

## COMMON CARRIERS—UNLAWFUL DISCRIMINATION.

[Cuyahoga (8th) Circuit Court, December 8, 1902.]

Caldwell, Hale and Hull, JJ.

(Hull of the sixth circuit sitting in place of Marvin.)